# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:19-CR-0033-JDK-JDL** |
| **vs.** | § | |
| | § | |
| | § | |
| **LATIMER LABAN BAKER (1)** | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On March 19, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Matt Millslagle.

### *Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Latimer Laban Baker was sentenced on February 4, 2020, by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. The Court sentenced Defendant to imprisonment for a term of 96 months, followed by a 3-year term of supervised release subject to the mandatory and standard conditions of release, plus special conditions to include financial disclosure. The Court amended Defendant's criminal history category to V on April 9, 2024, and reduced the term of imprisonment to 87 months pursuant to 18 U.S.C. § 3582(c)(2). On August 25, 2025, Defendant completed his term of imprisonment and started service of his term of supervised release.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on March 4, 2026, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on January 3, 2026, in Anderson County, Texas, by the Texas Department of Public Safety for the offenses of: (1) possession of marijuana not greater than five pounds but not less than four ounces, a state jail felony; (2) possession of a controlled substance penalty group 3 not less than 28 grams but not more than 200 grams, a 3rd degree felony; (3) possession of a controlled substance penalty group 2 not more than one gram, a state jail felony; (4) possession of a dangerous drug, a class A misdemeanor; and (5) possession of a controlled substance penalty group 1/1-B not less than four grams but not more than 200 grams, a 2nd degree felony. It is also alleged that Defendant was arrested on February 4, 2026 by Palestine, Texas police for the offense of possession of a dangerous drug, a class A misdemeanor, while in Palestine, Anderson County, Texas.

2. **Allegation 2 (mandatory condition 2): The defendant must not unlawfully possess a controlled substance.** It is alleged that Defendant unlawfully possessed marijuana, Alprazolam (Xanax), Methylphenidate Hydrochloride (Hydro), and methamphetamine on January 3, 2026.

3. **Allegation 3 (standard condition 3): The defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.** It is alleged that Defendant was arrested in Anderson County, Texas, in the Eastern District of Texas, on January 3, 2026, and February 4, 2026, while currently being supervised out of the Southern District of Texas. It is alleged that Defendant did not have permission from the probation officer to be in the Eastern District of Texas on those dates.

4. **Allegation 4 (standard condition 9): If the defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours.** It is alleged that Defendant failed to notify the probation officer within 72 hours of his arrests that occurred on January 3, 2026 and February 4, 2026.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offenses of possession of marijuana not greater than five pounds but not less than four ounces, a state jail felony, possession of a controlled substance penalty group 3 not less than 28 grams but not more than 200 grams, a 3rd degree felony, possession of a controlled substance penalty group 2 not more than one gram, a state jail felony, or possession of a controlled substance penalty group 1/1-B not less than four grams but not more than 200 grams, a 2nd degree felony, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was V.  The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 18 to 24 months.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of possession of a dangerous drug, a class A misdemeanor, or failing to report his arrests to his probation officer, as alleged in the petition, Defendant is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of V, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 7 to 13 months.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On March 19, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition, and to jointly request a sentence of imprisonment for a term of 13 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FMC Ft. Worth.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 13 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 13 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited

towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Ft. Worth.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 13 months with no further term of supervised release.

So ORDERED and SIGNED this 19th day of March, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE